UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x
:
WESTERN INVESTMENT LLC, :
: Civil Action No. 10-cv-1399
Plaintiff, :
:
: **ECF Case**
v. :
:
DWS GLOBAL COMMODITIES STOCK FUND, INC. :
:
:
Defendant. :
:
---------------------------------------------------------------------x

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) FOR LACK OF SUBJECT MATTER JURISDICTION**

Plaintiff Western Investment LLC ("Western" or "Plaintiff"), submits this memorandum of law in opposition to Defendant DWS Global Commodities Stock Fund, Inc.'s ("GCS" or the "Defendant") motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

## INTRODUCTION

This Court has subject matter jurisdiction over this action based on diversity jurisdiction under 28 U.S.C. § 1332(a). There is no dispute that the citizenship of the adverse parties is completely diverse. Defendant argues only that the matter in controversy does not exceed $75,000.

This action challenges Defendant's denial of voting rights with respect to more than 300,000 shares of common stock, with a current market value of approximately $2.5 million, making that the amount in controversy for purposes of 28 U.S.C. § 1332. Therefore, this Court has subject matter jurisdiction and Defendant's motion should be denied.

## ARGUMENT

### I. STANDARDS FOR MOTION TO DISMISS

Pursuant to 28 U.S.C. § 1332(a), district courts have original jurisdiction over civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. While "[a] party invoking the [diversity] jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount," *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994) (quoting *Moore v. Betit*, 511 F.2d 1004, 1006 (2d Cir. 1975)), there is "a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir. 1999).

In order "[t]o overcome the face-of-the-complaint presumption, the party opposing jurisdiction must show 'to a legal certainty' that the amount recoverable does not meet the jurisdictional threshold."

*Scherer v. Equitable Life Assur. Soc. of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) (internal citation omitted).  *See also*, *Chase Manhattan Bank, N.A. v. Am. Nat. Bank & Trust Co. of Chicago*, 93 F.3d 1064, 1071 (2d Cir. 1996).

A Rule 12(b)(1) jurisdictional challenge can be facial or factual.  *Poodry v. Tonawanda Band of Seneca Indians*, 85 F.3d 874, 887 n.15 (2d Cir.1996) (citing *Ohio Nat'l Life Ins. v. U.S.*, 922 F.2d 320, 325 (6th Cir. 1990)).  A facial challenge attacks "the sufficiency of the jurisdictional facts alleged," *Poodry*, 85 F.3d at 887 n.15, while a factual challenge challenges the truth of the jurisdictional facts alleged (for example, if Defendant were to argue that the votes of only 3,000 shares, not 300,000 shares were at issue).  *Id*.  On a motion such as this, asserting only a facial challenge, the court must accept the factual allegations of the complaint as true.  *Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir. 1992) (internal citations omitted).

## II.  THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

Defendant does not dispute that there is complete diversity of citizenship between the parties.  Defendant argues only that the complaint does not plead facts which satisfy the $75,000-plus amount in controversy requirement prescribed by 28 U.S.C. § 1332(a).

The matter in controversy as pleaded on the face of the complaint far exceeds $75,000.  The complaint seeks declaratory judgment requiring Defendant to acknowledge votes in a pending proxy contest (and for all other purposes) of more than 300,000 shares with a current market value of more than $2.5 million.  Docket # 9 Cmplt. ¶¶ 12, 73, 97, 104.  Defendant has not shown and cannot show to a legal certainty that the amount in controversy is less than the jurisdictional threshold.[1]

---

[1] Defendant's argument that Plaintiff "bears the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists" confuses a facial challenge to subject matter jurisdiction with a factual challenge to subject matter jurisdiction.  The lone case cited by Defendant, *E.ON AG v. Acciona, S.A.*, 468 F. Supp. 2d 559 (S.D.N.Y. 2007), involved a <u>factual</u> challenge, and is therefore inapposite to the present motion, where Defendant presents a <u>facial</u> challenge.

In measuring the value of a claim for jurisdictional purposes, "the amount in controversy is calculated from the plaintiff's standpoint; the value of the suit's intended benefit or the value of the right being protected or the injury being averted constitutes the amount in controversy when damages are not requested." *Kheel v. Port of New York Auth.*, 457 F.2d 46, 49 (2d Cir. 1972) (quotation marks omitted); *see also Maxons Restorations, Inc. v. Newman*, 292 F. Supp. 2d 477, 482-83 (S.D.N.Y. 2003) ("[W]here injunctive relief is sought…in the Second Circuit it remains the general rule that the amount in controversy is measured from the plaintiff's viewpoint.") (internal citation omitted).

In *Rockwell v. SCM Corp.*, 496 F. Supp. 1123, 1125 (S.D.N.Y. 1980), the plaintiff, owner of shares in the defendant corporation, sought a shareholder list to communicate with shareholders in a proxy contest to elect directors.  The court held that the "property right which plaintiff seeks to protect . . . would be the shares held by the plaintiff.  And, although there does not appear to be an immediate threat to the objective value of these shares . . . the proper measure of the amount in controversy is the value of plaintiff's shares." (internal citations omitted).  *See also, Lopez v. Capitol Bancorp LTD.*, No. 1:09-CV-814, 2010 WL 1758238, at *3 (W.D. Mich. Apr. 30, 2010) ("courts have held that, when a plaintiff brings a declaratory judgment action to protect his 'right to exercise control over the corporation . . . the value of the controversy is at least the value of the plaintiff's share of the corporation.'") (quoting *Lapides v. Doner*, 248 F. Supp. 883, 895 (E.D. Mich. 1965); *Weeks v. American Dredging Co.*, 451 F. Supp. 464, 466 (E.D. Pa. 1978) (for purposes of plaintiff's request for a shareholder list, the court "measures the amount in controversy by the value of the plaintiff's shares.  If the value of the plaintiff's shares exceeds the jurisdictional amount, then jurisdiction may be taken under 28 U.S.C. § 1332.").

The cases cited by Defendant are inapposite.  In *Law Audit Services, Inc. v. Studebaker Technology, Inc.*, No. 96 Civ. 0926, 1996 WL 137492 (S.D.N.Y. Mar. 27, 1996), while the court

recognized the principle that, for purposes of declaratory relief, the amount in controversy was measured by the value of the object of the litigation, the complaint did not plead facts which valued the object (in that case a contract), at more than $50,000 (the then-requisite amount in controversy). In *Harvard Real Estate-Allston, Inc. v. Kmart Corp.*, 407 F. Supp. 2d 317, 320–21 (D. Mass. 2005), the claim of jurisdiction was based on "a theoretical economic valuation" as opposed to here, where it is simply the market value of the 300,000-plus shares at issue.

## CONCLUSION

The value of the vote-sterilized 300,000-plus shares at issue in this litigation exceeds $2.5 million, easily satisfying the requisite amount in controversy for diversity subject matter jurisdiction. The Court should deny GCS's motion to dismiss.

Dated: June 4, 2010
      White Plains, New York

                                LOWEY DANNENBERG COHEN &
                                    HART, P.C.
                              By:    /s/
                                      Richard W. Cohen, rcohen@lowey.com
                                      Todd S. Garber, tgarber@lowey.com
                                      One North Broadway, Suite 509
                                      White Plains, New York 10601
                                      Telephone:    (914) 997-0500
                                      Facsimile:     (914) 997-0035

                                      *Attorneys for Plaintiff Western*
                                        *Investment LLC*